[No. 17646. Department Two. April 9, 1923.]

# GERMAN-AMERICAN MERCANTILE BANK et al., Respondents, v. EDWIN RIPLEY et al., Appellants.[1]

BANKS AND BANKING (3)—STOCKHOLDER'S LIABILITY—ASSESSMENT OF STOCK—POWERS OF BANK EXAMINER. A legal necessity and assessment by a bank examiner on the superadded liability of stockholders is sufficiently shown, in an action to recover the same, by the uncontradicted testimony of the deputy bank examiner that there would be a loss of $400,000 and that he and the examiner determined it necessary to levy a one hundred per cent levy, and he mailed notice thereof.

CORPORATIONS (71)—STOCKHOLDERS—OWNERSHIP OF STOCK—EVIDENCE—SUFFICIENCY. Findings that defendant was a stockholder in an insolvent bank are sustained by evidence consisting of his signed stock subscription, his agreement assigning his stock to a trustee under a pooling arrangement, and the stock certificate stub showing the issuance of the shares to the trustee to be voted under the pooling arrangement, and that he had been the owner of shares in a bank merged with the bank in question, stockholders being given the option of the dividend in cash or stock in the new bank, notwithstanding his evidence that he was ignorant of these matters.

SAME (100)—STOCKHOLDERS—SUBSCRIPTION TO STOCK AS TRUSTEE—PERSONAL LIABILITY. In the absence of any evidence of a trust relation, signing a stock subscription as trustee is mere descriptio personae, and does not relieve the party from individual liability.

HUSBAND AND WIFE (94)—COMMUNITY PROPERTY—JUDGMENT. The presumption being that stock subscribed for by a husband was community property, judgment on the superadded liability is properly entered against the community.

BANKS AND BANKING (1)—LIABILITY OF STOCKHOLDERS—ACCRUAL OF DEBTS. It is immaterial to the superadded liability of a bank stockholder that the unpaid debts of the bank accrued while he was a stockholder.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 6, 1922, upon findings in favor of the plaintiffs, in an action to enforce the superadded liability of stockholders of an insolvent bank, tried to the court. Affirmed.

[1]Reported in 214 Pac. 160.

·*Byers & Byers,* for appellants.
*Tennant & Twitchell,* for respondents.

FULLERTON, J.—This is an action brought by the state bank examiner, as receiver of the insolvent German-American Mercantile Bank of Seattle, to enforce the superadded liability of the respondents as stockholders therein. The action was brought against Edwin Ripley, individually and as trustee, Ruth Ripley, his wife, and the Ripley Fish Company, a corporation. After a trial before the court, sitting without a jury, judgment for the full amount asked was entered against Edwin Ripley personally, and Edwin Ripley and Ruth Ripley as a community. From the judgment, this appeal is prosecuted.

While appellants assign a number of errors, the only question in the case is the sufficiency of the evidence to justify the findings and judgment of the court. Appellants argue, first, that no legal assessment of the stock was made; and second, that there was no proof that appellant Ripley was the owner of any stock in the bank, either individually or as trustee.

Upon the first point, the special deputy bank examiner in charge of the bank testified that he took charge of the liquidation of the bank on March 1, 1917; that he found that the total liabilities of the bank were between $1,350,000 and $1,400,000, and that there would be a loss of approximately $400,000 in settling up its affairs; that on May 15, 1917, he and the bank examiner determined that it was necessary to levy an assessment of one hundred per cent on the stockholders; and that notice of the assessment was sent to each of the stockholders by registered mail. This court held identical proceedings to be a compliance with the law in *Hanson v. Soderberg,* 105 Wash. 255, 177 Pac. 827,

and upon the uncontradicted testimony of the deputy examiner, we.hold there is sufficient evidence upon the question of necessity for the assessment.

The evidence to show that Ripley was a stockholder in the bank consisted of a stock subscription signed by him, an agreement signed by him assigning his stock to a trustee under a pooling arrangement, and the stub in the bank's stock certificate book showing the issuance of certificate number 21 for 12 shares of stock to the trustee on August 29, 1914. This stub was endorsed by a rubber stamp, showing that the stock was to be voted by the trustee under the pooling agreement. It further appears from the record that Ripley was the owner of twenty shares of stock in the Mercantile National Bank, and that in August, 1914, this bank was merged with or sold to the German-American Bank, which changed its name to the German-American Mercantile Bank and increased its capital stock from $100,000 to $200,000. A sixty per cent dividend was declared upon the stock of the Mercantile National Bank and its stockholders were given the option of receiving this in cash or taking a proportionate share of the stock in the German-American Mercantile Bank. Ripley testifies that he signed the subscription and agreement simply as a matter of form; that he did not desire to remain a stockholder; that at the time he wanted to sell his stock in the Mercantile National Bank; that he did not know a dividend had been declared on that stock until some time in 1916; and that he did not know that he was a stockholder in the German-American Mercantile Bank until this action was instituted. But there is evidence from the circumstances which hardly leaves it in doubt that Mr. Ripley participated to some extent in the transactions of which he now claims ignorance, and direct evidence

that he fully understood their purport and effect. Notwithstanding, therefore, his assertions to the contrary, we think the trial court rightly decided that he was bound as a stockholder.

The appellants' next contention is that, inasmuch as the stock subscription was signed by Edwin Ripley as trustee, the judgment should not have been entered against him individually, and against himself and wife as a community. No showing was made by him, however, as to any trust relationship, and, in the absence of proof to the contrary, such a word is mere *descriptio personae*. *Griffin v. Union Savings & Trust Co.*, 86 Wash. 605, 150 Pac. 1128, Ann. Cas. 1917B 267; *Gavazza v. Plummer*, 53 Wash. 14, 101 Pac. 370, 42 L. R. A. (N. S.) 1. The presumption, which in the absence of evidence to the contrary is conclusive, is that the stock was owned by the community, hence it was not error to enter the judgment against the community.

It is finally contended by appellants that a statement of the condition of the bank in 1914, showing it to be solvent at the time they became stockholders, was improperly admitted, hence there was no evidence to prove that the debts of the bank for which they are being held accrued while they were stockholders. This, however, was an immaterial inquiry under the decision of this court in *Duke v. Johnson*, 123 Wash. 43, 211 Pac. 710.

The judgment of the court below is affirmed.

Main, C. J., Parker, Tolman, and Pemberton, JJ., concur.