RONNIE J. CAUSEY AND LARRY N. CAUSEY, DBA CAUSEY
CONSTRUCTION, AND R. N. CAUSEY CONSTRUCTION
CO., APPELLANTS, *v.* CARPENTERS SOUTHERN
NEVADA VACATION TRUST, CARPENTERS
SOUTHERN NEVADA HEALTH AND INSURANCE
TRUST, CARPENTERS SOUTHERN NEVADA PEN-
SION TRUST, CARPENTERS JOINT APPRENTICE
COMMITTEE CONTRACT ADMINISTRATION AND
INDUSTRY ADVANCEMENT FUND (COLLECTIVELY
THE "CARPENTERS JOINT TRUST FUNDS"), RESPONDENTS.

No. 10480

September 27, 1979                                    600 P.2d 244

*John Peter Lee* and *James C. Mahan,* of Las Vegas, for
Appellants.

*Lionel Sawyer & Collins,* and *Dan C. Bowen,* of Las Vegas,
for Respondents.

## OPINION

*Per Curiam:*

The "Carpenters Joint Trust Funds," purportedly acting as

plaintiffs, commenced this action to compel the defendant contractors to specifically perform an agreement to allow examination of their books and records to determine if they were paying all sums required to be paid to the trust funds. The contractors answered asserting that "Carpenters Joint Trust Funds" is not a legal entity and does not possess the capacity to sue, and asserting that the trustees of the named trusts were the real parties in interest. For some reason not clear from the record these contentions were never resolved and, eventually, summary judgment was entered for "Carpenters Joint Trust Funds." This appeal followed.

A judgment for a legally nonexistent entity is a nullity. J. C. Peacock, Inc. v. Hasko, 7 Cal.Rptr. 490 (Cal.App. 1960). A party to litigation is either a natural or an artificial person. "Trust Funds" is neither. It is the trustee, or trustees, rather than the trust itself that is entitled to bring suit. Carpenters & Mill. Health B.T.F. v. Domestic Insul. Co., 387 F.Supp. 144 (D.Colo. 1975). Consequently, the summary judgment must be set aside and the cause remanded for further proceedings. This contemplates an amended complaint in the names of the proper parties plaintiff having capacity to sue, and a new responsive pleading.

Reversed.