Don HERVEY and Wanda Hervey, and Stan Chatman and Barbara Chatman, Appellants,

v.

AMERICAN AIRLINES and Yukon Travel Market, Inc., Appellees.

No. 63762.

Supreme Court of Oklahoma.

May 13, 1986.

As Corrected May 29 and June 30, 1986.

Stan Chatman, Chatman & Hoover, Yukon, for appellants.

Michael W. Hinkle, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees.

## MEMORANDUM OPINION

PER CURIAM:

Appellants were plaintiffs below. They had purchased a reduced cost vacation package tour to Mexico from American Airlines through the Yukon Travel Market. They brought this suit for damages because it rained during their trip. Plaintiffs sought to recover $2,000.00 because inclement weather ruined their vacation and delayed their return home for an extra two days.

The trial court sustained the defendants' motions to dismiss based upon plaintiffs' failure to state a claim upon which relief could be based.

Plaintiffs appeal as to American Airlines. They assert that the legal basis for the claim rests in tort law; that American Airlines had a "duty" to warn and advise plaintiffs of the weather conditions which existed during the period the tours were advertised and tickets sold. They contend that the airline should have foreseen that their trip might be "rained out" and should have warned them, and that it was negligent in failing to do so.

We find no law nor theory of law which supports plaintiffs' claims against defendant.

■ Just as taking a vacation carries with it the risk of encountering rainy weather, filing a frivolous and vexatious appeal carries with it the risk that the Supreme Court may impose attorney fees as costs.

The Court has thoroughly reviewed the record in this action together with the briefs and concludes that this appeal is patently frivolous, vexatious and wholly without merit.

Appellees' attention is directed to 20 O.S. Supp.1982, § 15.1, providing for attorney fees on petition of the prevailing party for defending against a meritless appeal.

No reversible error of law appears and the judgment is affirmed under Rule 1.202(a), 12 O.S.Supp.1984, Ch. 15, App. 2.

AFFIRMED.

All the Justices concur.