**Ben C. DOUGLAS and Carol Douglas, Appellees,**

v.

**Linda STEELE d/b/a the Travel Haus, Inc., Appellant.**

**No. 73173.**

Court of Appeals of Oklahoma, Division No. 2.

Aug. 13, 1991.

W. Keith Thomas, Stillwater, for appellees.

Kelly A. Hays, Stillwater, for appellant.

BRIGHTMIRE, Judge.

Two issues are presented in this action for damages brought by the prepaid victims of a bankrupt Hawaiian tour operator against a local travel agent: (1) Whether a judgment entered individually against a travel agent described as doing business as a corporation is void for uncertainty; and (2) whether a travel agent may be held personally liable for nondelivery of a promised vacation by a nonparty tour company.

We answer the first issue in the negative, and the second in the affirmative and affirm the judgment.

## I

There is little dispute concerning the operative facts.[1] The plaintiffs, Ben C. and Carol Douglas, planned to celebrate their twenty-fifth wedding anniversary during a vacation in Hawaii. In March 1986, they engaged the services of the defendant, Linda Steele, a travel agent doing business as The Travel Haus, Inc., in Stillwater, Oklahoma. The agent suggested various trips and the Douglases, after reviewing the available options, selected a package offered by a tour company called Total Hawaii. There was evidence that the agent suggested to the Douglases another tour

---

**1.** This action was filed in the small claims division of the District Court of Payne County. No stenographic report of the trial was made. A narrative statement of the trial proceedings, however, was settled and approved by the trial judge and included in the record on appeal. Civil Appellate Procedure Rule 1.22, 12 O.S.Supp.1990, ch. 15, app. 2.

operator but they preferred the Total Hawaii trip. The Douglases paid the agent $1,348 cash and received a receipt dated March 4, 1986. The agent then made a check dated "March 3, [*sic*] 1986," to Total Hawaii in the amount of $1,213.20 and kept the balance as a commission for her services. On March 10, 1986, the check was deposited in the Valley Bank of Nevada by Trans Ocean Travel and Leisure, Inc., to its general account.[2] The check bore confirmation No. 860303001246EEW. There is no evidence, however, that the Douglases promptly received their airline tickets, hotel bookings, or other confirmation of their travel plans, nor any explanation from the agent as to why they did not. These circumstances, as we point out later on, permit an inference that the corporate parent of Total Hawaii was bankrupt when the money was sent on March 3, 1986, and that such condition could have been discovered by the agent before forwarding the money entrusted to her by the Douglases.

The Douglases evidently waited for quite some time and when they did not receive their tickets or hear from their agent, they contacted her and were informed that Total Hawaii had filed for bankruptcy. So, on March 9, 1989, having never received the promised trip or a refund of their money, the Douglases filed this small claims action against the agent.

A bench trial was held April 7, 1989, with both parties appearing pro se. Ben Douglas and Linda Steele were the only witnesses to testify. A narrative statement of the trial evidence indicates that the trial court made these findings: (1) The Douglases were offered a selection of trips to choose from by the agent; (2) the Douglases relied on the agent's services and recommendations in selecting a trip; (3) the Douglases received nothing in return for their $1,348 cash consideration; (4) the agent, rather than the Douglases, should have pursued a claim against Total Hawaii in bankruptcy court; and (5) the agent failed to raise the

misjoinder or nonjoinder of parties defendant at trial. The court entered judgment for the Douglases for $1,348 plus costs.

From this adverse judgment the agent appeals.

## II

Agent Steele first contends that the Douglases sued a "non-entity" and therefore the challenged judgment is void and unenforceable.

The argument is that a judgment rendered against "Linda Steele doing business as The Travel Haus, Inc." is an improper combination of two legal entities, *i.e.*, an individual and a corporation, and therefore the defendant was not named with sufficient certainty to constitute a valid judgment.

 This contention is without merit. The initiating small claims affidavit names Linda Steele as the party who allegedly was personally indebted to the Douglases. The mere fact that the descriptive phrase "dba The Travel Haus Inc." was added to Steele's name on the affidavit, and that the judgment was rendered against the agent using the same appellation, neither transforms the individualization of Linda Steele as the defendant nor impairs the validity of the judgment. Absent a showing at trial that the agent was acting only in a representative capacity for a valid and subsisting corporation, such identifying language is to be considered no more than *descriptio personae*. *German–American Mercantile Bank v. Ripley*, 124 Wash. 322, 214 P. 160 (1923).

To recapitulate, we are not here dealing with a situation where the plaintiffs sued and obtained judgment against a legally nonexistent entity. *See Causey v. Carpenters S. Nev. Vacation Trust*, 95 Nev. 609, 600 P.2d 244 (1979). Nor where the defendant was sued in his official or representative capacity and judgment was erroneously entered against him individually. *See*

2. The endorsement stamp stated Trans Ocean Travel & Leisure, Inc., was "aka Total aka Total Las Vegas aka Total Hawaii."

*Reed v. Molony,* 38 Cal.App.2d 405, 101 P.2d 175 (1940). Here the agent was sued as an individual. She defended as an individual. And the judgment properly treated her as an individual.

■ It may be noted that the agent, of course, could have complained about the appellation or the nonjoinder of The Travel Haus, Inc., by pretrial motion or at the hearing on the merits. 12 O.S.Supp.1990 §§ 2012, 2019. Or, if she felt aggrieved by being made a party, she could have sought, on motion raised "at any stage of the action," an order dismissing her as a misjoined party. 12 O.S.Supp.1990 § 2021. But, as the trial court pointed out, the agent never raised any issue about her status or capacity at any stage of the trial court proceedings and therefore waived the right to complain of a defect of parties defendant on appeal. *Johnston v. Woodard,* 376 P.2d 602 (Okl.1962); *Finance Corp. v. Modern Materials Co.,* 312 P.2d 455 (Okl.1957).

### III

The agent next argues that she is not liable under the law of agency for the Douglases' loss caused by Total Hawaii's nonperformance of its contractual obligations to provide them with an island vacation. She contends that she was a disclosed agent for either The Travel Haus, Inc. or Total Hawaii and is not individually liable for breach of contract by either.

First of all, there is no question that the agent is liable to the Douglases for $134.80, the sum she retained as compensation for the services she was to perform on their behalf in arranging for a trip that was never delivered. The only other question then is whether the agent is liable to the Douglases for the remaining $1,213.20 she received from them.

We hold that she is. There is no evidence that the agent was acting in any capacity other than as the Douglases' agent when she made the arrangements for their Hawaiian holiday. According to Restatement (Second) of Agency § 1 (1957):

"(1) Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

(2) The one for whom action is to be taken is the principal.

(3) The one who is to act is the agent."

■ An agent who handles travel and vacation plans is a special agent of the traveler for the purposes of that one transaction between the parties. *McCollum v. Friendly Hills Travel Center,* 172 Cal. App.3d 83, 217 Cal.Rptr. 919 (1985). And this is so even though the agent's compensation may be paid by the company to whom she steers the business, much like an advertising agent. Thus, the agent's contention that she was a disclosed agent of Travel Haus or Total Hawaii is contrary to both the law and the facts.

■ Defendant Steele was a paid agent for the Douglases and, for a portion of the money they paid, she promised to assist them in the planning of their vacation. She had a duty to act with the care, skill and diligence a fiduciary rendering that kind of service would reasonably be expected to use. Restatement (Second) of Agency § 379(1). Such duty included the exertion of reasonable efforts to give her principals information relevant to the affairs entrusted to her, and among other things, required her to use due diligence in making reasonable inquiry into the current financial stability and performance of the person or entity with whom she recommended her principals do business. Restatement (Second) of Agency § 381. This agency relationship also imposed a duty to promptly communicate to her principals confirmations and all other relevant information about the proposed travel plans and tours which would help them protect themselves from harm or loss.

In *Josephs v. Fuller (Club Dominicus),* 186 N.J.Super. 47, 451 A.2d 203, 205 (1982), the court observed with a good deal of

common sense that "it would be absurd to hold that [the travel agency] had no duty to acquire any knowledge of the facilities it was booking. Plaintiffs could well have made their own arrangements, choosing a resort at random. But rather than risk a substandard vacation, they took advantage of the service offered by defendant."

Here, if the agent knew or with the use of reasonable inquiry could have known of the possible insolvency or impending bankruptcy of Total Hawaii's parent corporation, she had a duty to inform the Douglases of this fact at the time they made their tour selection, or at least before they paid for the trip. This does not mean, of course, that a travel agent's duty of loyalty to his principal requires him to assume an absolute risk of nonperformance by third parties or become a guarantor of the safety of the principal's funds. *See Hervey v. American Airlines*, 720 P.2d 712 (Okl.1986); *Rookard v. Mexicoach*, 680 F.2d 1257 (9th Cir.1982). But a travel agent does have a duty to discover and disclose to his principal material information which is reasonably obtainable unless the information is so clearly obvious and apparent to the principal that, as a matter of law, the travel agent would not be negligent in failing to disclose it. *McCollum*, 217 Cal.Rptr. at 925.

The evidence here is that for some undisclosed reason the agent suggested that the Douglases not use Total Hawaii. This implies that she had a reason. Such reason was not disclosed. If, for instance, rumors had reached the agent that Total Hawaii was having financial difficulties or there had been an unusual number of complaints about its performance or service, this information should have been imparted to the Douglases. Here, as we said, nothing was communicated.

The fact that the agent suggested that the Douglases use a different tour operator, coupled with the fact that they received no immediate response or confir-

mation in the form of airline tickets, hotel reservations, or any other communication from either the agent or Total Hawaii, permits an inference that the agent had some adverse information about Total Hawaii which she should have imparted to her principals or, if she did not have such information, she should have. In other words, these circumstances, as we mentioned earlier, should have put the agent on notice that something was amiss requiring her to make a timely investigation to determine the cause of the delay and take appropriate steps to protect the Douglases from loss.

Finally, the trial court could have also found from the evidence that the agent should have checked on Total Hawaii in advance of releasing the Douglases' money to it, and that she failed to do so. It was uncontroverted that upon receipt of the Douglases' vacation funds, the agent promptly forwarded a check, less her commission, to Total Hawaii, and never followed through with the fulfillment of her duties to the Douglases.

These circumstances made out a prima facie case of liability. It then became necessary for the agent to overcome it with countervailing evidence. We find none in the record.

The trial judge found the issues in favor of the Douglases and her findings are presumed to be correct. *Golsen v. ONG Western, Inc.*, 756 P.2d 1209 (Okl.1988).

### IV

The judgment appealed is therefore affirmed.

REIF, P.J., concurs.

MEANS, J., dissents.

MEANS, Judge, dissenting.

Defendant Linda Steele, a travel agent, appeals from the small claims judgment entered against her for $1,348 plus costs, representing the amount plaintiffs Ben and Carol Douglas paid for a Hawaiian vacation. Having reviewed the record and ap-

plicable law, I would reverse the judgment.

Plaintiffs filed this action on March 9, 1989. They alleged in their small claims affidavit that Defendant was indebted to them in the sum of $1,348 "for travel [and] hotel monies." On April 7, 1989, the matter was tried to the court. All parties appeared pro se. Plaintiff Ben Douglas and Defendant were the only witnesses to testify. After hearing testimony and reviewing exhibits offered by the parties, the trial court entered judgment in favor of Plaintiffs. Defendant has appealed.

The proceedings before the trial court were not stenographically transcribed. In lieu of a transcript, the trial judge settled and approved a narrative statement of the evidence, in accordance with Civil Appellate Procedure Rule 1.22, 12 O.S.Supp.1990, ch. 15, app. 2. We are bound by the evidence presented therein, along with review of the court clerk's file. *See Hamid v. Sew Original*, 645 P.2d 496 (Okla.1982).

The approved narrative statement reads as follows:

IN THE DISTRICT COURT IN AND
FOR PAYNE COUNTY
STATE OF OKLAHOMA

BEN C. AND
CAROL DOUGLAS,
 Plaintiffs SC–89–224
Vs
LINDA STEELE d/b/a
THE TRAVEL HAUS, INC.
 Defendants

COURT'S FINDINGS OF FACT AND NARRATIVE STATEMENT OF THE TESTIMONY AND EVIDENCE PRESENTED AND RELIED ON IN ITS JUDGMENT ENTERED HEREIN ON APRIL 7, 1989.

This case came on for trial on April 7, 1989. The plaintiff, Ben C. Douglas, testified that he and his wife were planning a twenty-fifth anniversary trip to Hawaii; that they sought the services of the defendant in making this trip, and from the various trips suggested by the defendant made their selection—Total Hawaii. Douglas further testified he paid $1,348.00 to defendant in cash for said trip, and was given a receipt for this amount by the defendant. Douglas further testified, when they heard nothing further from defendant and received no tickets, they made inquiries and were eventually told by the defendant that the sponsoring tour company had gone bankrupt. Douglas testified they never received a trip of any kind, nor any refund from the defendant. The Court does not recall any specific testimony regarding defendant's commission.

As to plaintiffs Response to Narrative Statement, filed herein on August 3, 1989, the Court does not recall any testimony with reference to plaintiffs' son, nor any exhibits being offered, other than the exhibits (a) The Travel Haus, Inc. check dated March 3, 1986, payable to Total Hawaii, in the sum of $1,213.20, and (b), The Travel Haus, Inc. receipt dated March 4, 1986 to Ben Douglas in the sum of $1,348.00, attached to said defendant's Offer of Narrative Statement, filed here on May 17, 1989.

Court does not recall any specific testimony as to plaintiffs' attempt to have this matter mediated by the Payne County Dispute Center; however the Court recalls Douglas' statement to the effect that they had been unable to get any satisfaction from the defendant or to resolve the matter since the time of the transaction, and thus filed this law suit.

The Court concurs with plaintiff that the defendant did not raise any issue about this law suit having been brought against the wrong party defendant.

As to the defendant's Amended Narrative Statement, filed herein on July 24, 1989, the Court recalls that Ben Douglas testified that they were offered a selection of Hawaiian trips to choose from by the defendant, and that the plaintiffs selected Total Hawaii from among the various trips suggested by the defendant. The Court does not recall any testimony about the plaintiffs first attempting to pay for the trip by credit card, only that cash had been paid by the plaintiffs for the trip.

Linda Steele testified she suggested another tour operator, but that the plaintiffs refused her suggestion and insisted on the Total Hawaii trip, amd [*sic*] she merely did what they requested, and mailed in a check to Total Hawaii. Steele testified she later learned that Total Hawaii had filed a bankruptcy action and she notified the plaintiffs of this fact.

When both parties had rested the Court announced its findings and judgment: that the plaintiffs were offered a selection of trips to choose from by the defendant; that plaintiffs relied on the defendant's services and recommendations in selecting a trip from the several suggested by the defendant; that the plaintiffs received nothing in return for their $1,348.00 cash consideration; that the defendant and not the plaintiffs should have pursued the claim in the bankruptcy action. Judgment was entered for the plaintiffs in the sum of $1,348.00, plus court costs on April 7, 1989.

Dated this ___6th___ day of September, 1989.

/s/
_____

LOIS BELDEN
Special District Court Judge

Keith Thomas
715 S. Husband
Attorney for plaintiffs
Stillwater, OK 74074

Kelly Hays
Attorney for defendant
215 McElroy, Suite 7
Stillwater, OK 74074

The *only* facts appearing in the narrative statement are that (1) Plaintiffs sought Defendant's services in planning a trip to Hawaii; (2) although Defendant suggested another tour, Plaintiffs requested the Total Hawaii package; (3) Plaintiffs paid Defendant $1,348 in cash; (4) Defendant forwarded $1,213.20 to Total Hawaii; and (5) When Plaintiffs failed to receive their tickets, they "made inquiries and were eventually told by the defendant that the sponsoring tour company had gone bankrupt."

It is Plaintiffs' obligation to prove the elements of the contract with the defendant travel agent. It is also Plaintiff's obligation to prove a breach by Defendant of that contract.

The majority's affirmation of liability on the part of the travel agent is based on the conclusion that the agent failed to exercise reasonable diligence in ascertaining the financial condition of the tour company selected by Plaintiffs. This conclusion is based on sheer speculation. From the record before us, I find that Plaintiffs did not produce evidence sufficient to support a conclusion that Defendant knew or could have known of the impending bankruptcy. Defendant could have suggested an alternate tour for a variety of reasons unrelated to the tours' relative solvency. There is nothing in the record by which to infer that Defendant had access to inside information, unavailable to Plaintiffs, regarding Total Hawaii's status. Neither is there *any* evidence by which to infer that, at the time Plaintiffs chose Total Hawaii, its bankruptcy was, if known at all, anything more than a potential threat. *See United Airlines, Inc. v. Lerner*, 87 Ill.App.3d 801, 43 Ill.Dec. 225, 410 N.E.2d 225 (1980). Finally, there is no evidence in the record before us that Defendant did in fact fail to make reasonable inquiry and/or to timely disclose known material information.

I would reverse the judgment of the trial court.