In the MATTER OF the RICHARD H. GOLDSTEIN TRUST:

**Richard H. Goldstein, Appellant /Cross–Respondent,**

v.

**Bank of America, N.A, et al, Respondents/Cross– Appellants.**

**No. ED 102989**

Missouri Court of Appeals, Eastern District, Division Two.

Filed: April 26, 2016

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 2016

Application for Transfer Denied August 23, 2016

Michael W. Blanton, 6949 Highway 73, Suite B, Evergreen, CO., 80439, Brian J. Fellows (Co–Counsel) 13421 Manchester Road, Suite 104, St. Louis, Mo. 63131, for appellant.

Jeffrey S. Russell, 211 North Broadway, Ste. 3600, St. Louis, Mo. 63102, Kimberly A. Mohr (Co–Counsel) 211 North Broadway, Ste. 3600, St. Louis, Mo. 63102, Derick C. Albers (Co–Counsel) 600 Washington Ave, Suite 2500, St. Louis, Mo. 63101, for respondent.

Before Philip M. Hess, P.J., Gary M. Gaertner, Jr., J. and Angela T. Quigless, J.

## ORDER

PER CURIAM.

Richard H. Goldstein ("Appellant") appeals the Amended Final Judgment entered by the circuit court, on claims set forth in his First Amended Petition. This appeal concerns the applicability of an *in terrorem*, or forfeiture clause, in a trust to Appellant's claim brought under the safe harbor statute—§ 456.4–420, RSMo (2000). Specifically, the circuit court entered judgment against Appellant on his claim, finding Appellant's Proposed Future Petition (attached to his First Amended Petition), if filed, would violate, or trigger, the *in terrorem* clause of the trust at issue and invalidate Appellant's interest in the trust. The circuit court also entered judgment against Respondents/Cross–Appellants Carol Jones, Laura Jones Reichman, Wendy Jones Magid, Cindy G. Jones and David R. Jones, collectively the "Individual Defendants," on their counterclaim. The counterclaim alleged Appellant's filing of his lawsuit triggered the Trust's *in terrorem* clause and divested Appellant of his interests. The Individual Defendants' cross-appeal alleges the circuit court erred in finding Appellant's action in filing and prosecuting his lawsuit did not trigger the in terrorem clause at issue. We have reviewed the briefs of the parties and the record on appeal and find the claim of error to be without merit. An extended opinion would have no precedential value. We have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).