**141 Nev., Advance Opinion 41**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF RICHARD H. GOLDSTEIN IRREVOCABLE TRUST.

No. 87684

RICHARD H. GOLDSTEIN,
Appellant,
vs.
BANK OF AMERICA, N.A., AS TRUSTEE OF THE RICHARD H. GOLDSTEIN IRREVOCABLE TRUST; LAURA JONES REICHMAN; WENDY JONES MAGID; CINDY G. BENNETT; AND DAVID R. JONES,
Respondents.



**FILED**

AUG 2 8 2025



Appeal from a district court order granting a motion to dismiss, for lack of personal jurisdiction, a petition asking the district court to assume jurisdiction over a trust and for construction of a trust instrument. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

*Affirmed.*

Guild, Gallagher & Fuller, Ltd., and John K. Gallagher and Patrick H. Gallagher, Reno; Adkisson Pitet, LLP, and Joseph P. Busch, III, and Christopher L. Pitet, Newport Beach, California,
for Appellant.

Lewis Rice LLC and Richard B. Walsh, Jr., and Derick C. Albers, St. Louis, Missouri; McDonald Carano LLP and Adam Hosmer-Henner, Leigh Goddard, and Chelsea Latino, Reno,
for Respondents Laura Jones Reichman, Wendy Jones Magid, Cindy G. Bennett, and David R. Jones.

25-37635

McGuireWoods LLP and Matthew A. Fitzgerald and Brian E. Pumphrey, Richmond, Virginia, and Micalyee A. Noreen, San Francisco, California; Robison, Sharp, Sullivan & Brust and Kent R. Robison and Hannah E. Winston, Reno,
for Respondent Bank of America, N.A.

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

*OPINION*

By the Court, CADISH, J.:

The sole lifetime beneficiary of a Missouri-based trust filed a petition asking the Nevada district court for an order assuming jurisdiction over the trust and for construction of the trust instrument's no-contest clause. The district court dismissed the petition, concluding it lacked personal jurisdiction over the nonresident trustee. Appellant argues that personal jurisdiction was not required because the statutory requirements for in rem jurisdiction under NRS 164.010 were satisfied and thus the court had jurisdiction to construe the trust instrument. We conclude that the trustee, as the entity charged with administering the trust in accordance with the settlor's intent, was a necessary and indispensable party to this proceeding such that personal jurisdiction was required and minimum-contacts jurisprudence applied. Per *Shaffer v. Heitner*, 433 U.S. 186, 206 (1977), the statutory grant of in rem jurisdiction cannot circumvent the due process requirements of the U.S. Constitution. Because appellant failed to provide prima facie evidence showing that his petition arose out of the trustee's purposeful contact with Nevada, the district court correctly

concluded that it lacked personal jurisdiction over the trustee and dismissed the case. Accordingly, we affirm.

## FACTS

Richard Goldstein, a Douglas County, Nevada, resident, is the sole lifetime beneficiary of the Richard H. Goldstein Irrevocable Trust (RHG Trust or trust), a discretionary trust created under the Samuel R. Goldstein Trust (SRG Trust) in Missouri. Samuel Goldstein, Richard's father, created the trust. When Samuel passed away in 2000, he left a sizeable estate. Samuel left roughly one-half of his assets to his daughter, Carol Jones, free of trust, and appointed her trustee of the SRG Trust. Jones and her children are also the contingent remainder beneficiaries of the RHG Trust. Aside from Richard, none of the beneficiaries are domiciled in Nevada.

The situs of RHG Trust administration is in Missouri, where the corporate trustee, Bank of America (BOA), has administered the trust from its St. Louis office since Samuel's death in 2000. The trust gives BOA "sole and absolute discretion" in administering the trust. Likewise, the trust provides that if the situs of the trust is moved upon the "absolute discretion" of BOA, the trust "shall be administered and governed by the laws of such chosen jurisdiction." The trust also contains a no-contest clause that will result in a forfeiture of Richard's interest if he files any action that alleges "fraud, undue influence, interference with inheritance rights or another or similar allegation connected with or arising out of preparation, revision, execution or implementation of any one or more of Grantor's Estate Planning Documents." Richard has received trust-related communications from BOA at his attorneys' offices in Missouri (from 2000 to 2020) and California (from 2021 to present). Although BOA operates at least 61 financial centers and ATMs in Nevada, all meetings attended by Richard related to the trust occurred in Missouri and California. Richard

SUPREME COURT
OF
NEVADA

(O) 1947A

3

does not use BOA's consumer banking services in Nevada. As a federally chartered bank, BOA does not have a state of incorporation, but its main office is in North Carolina. Richard previously filed an action in Missouri seeking a declaration that the no-contest clause would not be violated if he filed a proposed petition asserting various claims against Carol Jones and BOA, among others. The Missouri circuit court held that Richard's proposed petition would trigger the no-contest clause, and he appealed to the Missouri Court of Appeals, which affirmed. *Matter of Richard H. Goldstein Tr.*, 495 S.W.3d 199 (Mo. Ct. App. 2016).

In May 2021, Richard contacted a BOA senior trust officer, Allison Mayo, in Las Vegas, requesting that BOA transfer the trust administration situs from Missouri to Nevada. During a phone call between Richard's counsel and Mayo, Mayo requested that Richard provide a copy of the SRG Trust because she did not have one. Richard's counsel sought updates from Mayo several times over the next few months, but she did not respond. In October 2021, Peggy Thomas, a senior trust officer from BOA's St. Louis office that administers the trust, sought the remainder beneficiaries' input on Richard's request to transfer the trust situs.

In January 2022, BOA, in a letter signed by Mayo, denied Richard's request, stating that based on its consultation with the St. Louis team, there were no "legal advantages" to be gained by the trust or its beneficiaries by changing the situs from Missouri to Nevada. The letter instructed Richard to "direct any future inquiries with respect to the Trust to the Bank's St. Louis team."

In May 2023, Richard filed the underlying petition, asking the district court to "assume jurisdiction" over the trust and issue a construction of the trust that would permit him to file his proposed petition to change

the trust situs without triggering the no-contest clause. BOA and remainder beneficiaries Wendy Magid, Cindy Bennett, David Jones, and Laura Reichman filed motions to dismiss. As relevant here, BOA and the remainder beneficiaries argued that they were necessary and indispensable parties, thus requiring that due-process-based personal-jurisdiction protections be met before the court could act on the petition. In response, Richard argued that personal jurisdiction was not required because NRS 164.010 provides in rem jurisdiction over the trust. And even if personal jurisdiction were required, Richard argued, BOA consented to personal jurisdiction by registering an agent for service of process under NRS 14.020 as a condition of doing business in Nevada and, alternatively, specific jurisdiction existed based on BOA's minimum contacts with Nevada.

After a hearing, the district court granted BOA's motion to dismiss, determining that the court lacked personal jurisdiction over the bank.[1] The district court explained that although the parties agreed the in rem jurisdiction requirements under NRS 164.010(1) were satisfied, "*[i]n rem* jurisdiction over property and personal jurisdiction over a necessary party are two different issues [as described in NRS 164.010(5)(a) and (b)] to be satisfied before the court may assert jurisdiction over the [RHG Trust]." The district court determined that Richard failed to allege facts supporting either general or specific personal jurisdiction. As to general jurisdiction, the court held that "[a] federally chartered national bank cannot be subject to general personal jurisdiction in a state merely because it has branch

---

[1]The district court denied the remainder beneficiaries' motion to dismiss as moot based on the grant of BOA's motion.

locations or does regular business in that state."[2] As to specific jurisdiction, the court held that BOA did not make any purposeful contact with Nevada and Richard's petition did not arise out of the bank's contacts with Nevada. The court likewise rejected Richard's argument that BOA consented to personal jurisdiction by complying with NRS 14.020's resident agent requirement. Therefore, the district court granted BOA's motion to dismiss Richard's petition. Richard appeals.[3]

## DISCUSSION

### Personal jurisdiction over BOA was required

Richard argues that the district court incorrectly determined that it had to have personal jurisdiction over BOA to entertain Richard's request for a construction of the no-contest clause. According to Richard, because his petition did not assert personal liability against anyone or seek damages, personal jurisdiction over the trustee bank was unnecessary. Richard argues that the in rem jurisdiction conferred by NRS 164.010 allowed the district court to rule on his petition.

The district court's application of NRS 164.010 presents an issue of statutory interpretation that we review de novo. *Orbitz Worldwide, LLC v. Eighth Jud. Dist. Ct.*, 139 Nev. 367, 374, 535 P.3d 1173, 1179 (2023). The court's determination that it lacked personal jurisdiction over BOA is similarly reviewed de novo. *Fulbright & Jaworski LLP v. Eighth Jud. Dist. Ct.*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015).

---

[2]Richard does not argue that the district court has general jurisdiction over BOA based on "continuous and systematic" contacts with Nevada, as formulated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

[3]The clerk of this court shall modify the caption of this docket to conform to the caption of this opinion.

Here, though Richard's petition does not assert any claims of personal liability against BOA, the district court concluded that BOA, as trustee of the RHG Trust, was a necessary party to Richard's petition, which asked the district court to interpret the no-contest clause. As a result, the district court further determined that Richard had to show Nevada has personal jurisdiction over BOA for the court to resolve Richard's petition. We agree with both of the district court's conclusions.

*Necessary party*

Under NRCP 19(a)(1), a person must be joined as a party if

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

As to the district court's conclusion that BOA was a necessary party, we have long recognized that "[t]he trustees have the legal interest [in the trust property], and, therefore, they are necessary parties" in suits respecting such property. *Robinson v. Kind*, 23 Nev. 330, 337, 47 P. 1, 3 (1896) (internal quotation marks omitted). In effect, the trustee represents the trust in litigation as the real party in interest. *Causey v. Carpenters S. Nev. Vacation Tr.*, 95 Nev. 609, 610, 600 P.2d 244, 245 (1979) ("It is the trustee, or trustees, rather than the trust itself that is entitled to bring suit."); *W. Life Tr. v. State*, 536 N.W.2d 709, 712 (N.D. 1995) ("The trustee, as the holder of legal title to the trust res, is generally the real party in interest.").

Courts across the country have similarly held that the trustee is a necessary party in proceedings affecting the trust's administration because the trustee is responsible for interpreting and implementing the trust provisions. *See, e.g., Trueman Fertilizer Co. v. Allison*, 81 So. 2d 734, 738 (Fla. 1955) ("There is, of course, the general rule that a trustee is an indispensable party in all proceedings affecting the estate."); *Betty G. Weldon Revocable Tr. ex rel. Vivion v. Weldon ex rel. Weldon*, 231 S.W.3d 158, 171 (Mo. Ct. App. 2007) (holding that "in a case construing a trust, all trustees and beneficiaries are necessary parties"); *Est. of Stephens v. Est. of Palmer*, 324 So. 3d 1175, 1180 (Miss. Ct. App. 2021) ("When a trustee carries out the duties and responsibilities of that role [of legal title holder in trust property], and it is that action which is challenged, the trustee is a necessary party."); *City Bank & Tr. Co. v. Hawthorne*, 517 So. 2d 970, 971 (La. Ct. App. 1987) (holding that the trustee was a necessary party because "[a] declaration interpreting a trust provision will dictate to the . . . trustee the manner in which part of the trust will be administered by her"); *see also* George Gleason Bogert, George Taylor Bogert & Amy Morris Hess, *Bogert's The Law of Trusts and Trustees* § 871, at 174 (2d ed. 1995) ("In suits involving trust property, generally both the trustee and all beneficiaries are deemed necessary parties and, often by statute or rule of civil procedure, must be joined as parties.").

Moreover, BOA has a fundamental duty to administer the trust in accordance with the settlor's intent, Restatement (Third) of Trusts § 76 (Am. L. Inst. 2007), and Richard ultimately seeks to challenge BOA's discretion in declining to transfer the trust situs to Nevada, which in turn would determine whether Missouri or Nevada law governs the trust. Therefore, although the case does not directly involve trust property, the

district court properly determined that BOA was a necessary party with an interest at stake in a potential judgment construing the trust's no-contest clause because such a judgment could alter the scope of permissible litigation that Richard may file in challenging administration of the trust and change the trust situs contrary to BOA's discretion as trustee.

If a necessary party cannot be joined, the court must consider, "in equity and good conscience," whether that party is indispensable and the action should be dismissed using the following factors: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties;" (2) whether prejudice can be "lessened or avoided" in shaping relief; (3) "whether a judgment rendered in the person's absence would be adequate;" and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." NRCP 19(b)(1)-(4). We conclude that BOA was indispensable because in its absence Richard's requested relief cannot be shaped to avoid prejudicing or altering BOA's rights and obligations with respect to its absolute discretion in changing the trust situs and the enforcement of the no-contest clause. As for an adequate remedy for Richard should the action be dismissed, he may file his petition in Missouri where courts have properly exercised personal jurisdiction over the trustee and all beneficiaries. Therefore, the district court correctly determined that BOA was necessary and indispensable such that Richard's petition must be dismissed if the district court lacked personal jurisdiction over BOA.

*Personal jurisdiction*

Next, the district court properly determined that personal jurisdiction over BOA was required despite the statutory grant of in rem jurisdiction under NRS 164.010, as the statute, even by its own terms, does not—and indeed cannot—obviate the due process requirements of the U.S.

Constitution. *In re Tr. of Paul D. Burgauer Revocable Living Tr.*, 138 Nev. 801, 805-06, 521 P.3d 1160, 1165 (2022). As the U.S. Supreme Court has recognized, "Fourteenth Amendment rights cannot depend on the classification of an action as *in rem* or *in personam* since that is a classification for which the standards are so elusive and confused generally and which, being primarily for state courts to define, may and do vary from state to state." *Shaffer v. Heitner*, 433 U.S. 186, 206 (1977) (internal quotation marks omitted); *see also First Am. Bank of Va. v. Reilly*, 563 N.E.2d 142, 144-45 (Ind. Ct. App. 1990) (holding that personal jurisdiction was required over the indispensable bank trustee when a beneficiary filed a petition for construction of a residuary clause).

The district court acknowledged that in rem jurisdiction was established under NRS 164.010(1),[4] which provides that "upon [a] petition of a settlor or beneficiary of the trust, the district court of the county in which any trustee resides or conducts business at the time of the filing of the petition . . . shall assume jurisdiction of the trust as a proceeding in rem unless another court has properly assumed continuing jurisdiction in rem." As the district court also observed, however, other components of the statute address personal jurisdiction and a party's right to challenge personal jurisdiction. In particular, NRS 164.010(5) provides in part that "[w]hen the court assumes jurisdiction pursuant to this section, the court: (a) [h]as jurisdiction of the trust as a proceeding in rem as of the date of the filing of the petition; [and] (b) [s]hall be deemed to have personal jurisdiction over

---

[4]NRS 164.010 was amended by the Legislature in 2023 after this case began. 2023 Nev. Stat., ch. 215, § 14, at 1323-25. We rely on the pre-2023 version in effect at the time Richard filed his petition, and the parties do not argue otherwise.

Supreme Court
of
Nevada

(O) 1947A

any trustee confirmed by the court and any person appearing in the matter, *unless such an appearance is made solely for the purpose of objecting to the jurisdiction of the court.*" (Emphasis added.)

We recently considered a nonresident trustee's claim that the district court erred by denying the trustee's motion to dismiss a trust administration matter for lack of personal jurisdiction where the court determined that personal jurisdiction was unnecessary because NRS 164.010 gave the court in rem jurisdiction over the trust. *Burgauer*, 138 Nev. at 805, 521 P.3d at 1165. While we recognized that "NRS 164.010(5)(b) provides a statutory basis for exercising personal jurisdiction over a nonresident trustee under certain circumstances," we also observed that where the beneficiary seeks relief against the trustee personally and personal jurisdiction is challenged, due process requires that the nonresident trustee have sufficient minimum contacts with Nevada for the court to bind the trustee to a Nevada judgment. *Id.* Thus, we determined that "the district court may only exercise specific personal jurisdiction over a nonresident trustee under NRS 164.010(5)(b) if the statute's requirements are satisfied *and* the plaintiff meets her burden under the Due Process Clause's minimum contacts analysis." *Id.*

That NRS 164.010(5)(b) expressly allows the trustee to make a special appearance to challenge personal jurisdiction reflects the Legislature's recognition that due process requirements must be satisfied— even where the in rem requirements of NRS 164.010(1)-(2) are met. And that is exactly how the district court applied the statute, explaining that "*[i]n rem* jurisdiction over property and personal jurisdiction over a necessary party are two different issues to be satisfied before the court may assert jurisdiction over the [RHG] Trust." Accordingly, and as *Shaffer*

 

instructs, "all assertions of state-court jurisdiction must be evaluated according to the [minimum contacts] standard set forth in *International Shoe* and its progeny." *Shaffer*, 433 U.S. at 212.

Moreover, unlike traditional in rem proceedings, Richard seeks a declaratory judgment as to the no-contest clause such that the trust property itself "[was] not the subject matter of [the] litigation, nor [was] . . . the underlying cause of action related to the property." *Shaffer*, 433 U.S. at 213; *United States v. Obaid*, 971 F.3d 1095, 1098 (9th Cir. 2020) (explaining that in rem jurisdiction "is the court's power to adjudicate rights over property"); *United States v. Approximately $1.67 Million (US) in Cash, Stock & Other Valuable Assets*, 513 F.3d 991, 996 (9th Cir. 2008) ("Jurisdiction *in rem* is predicated on the fiction of convenience that an item of property is a person against whom suits can be filed and judgments entered . . . ." (internal quotation marks omitted)). We recognize that the presence of trust property, documents, and beneficiaries in Nevada may satisfy due process requirements under certain circumstances. *Shaffer*, 433 U.S. at 208 ("The State's strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State." (footnote omitted)). But those circumstances do not exist here, where Richard is the trust's only obvious Nevada connection, the record contains no evidence of any trust property located in Nevada, and the trust has been administered in Missouri for over 20 years. We recognize that Richard does not seek relief against the trustee personally, unlike the beneficiary in *Burgauer*; however, Richard seeks a construction of the trust that would allow him to circumvent the no-contest clause and challenge

BOA's absolute discretion as to the situs of administration. Thus, the district court did not err in concluding that its consideration of Richard's petition required application of the minimum contacts analysis, to ensure that subjecting the nonresident trustee bank to Nevada jurisdiction would not offend due process. Accordingly, we next address Richard's argument that the district court erred in concluding that BOA did not consent to jurisdiction in Nevada and that it otherwise lacked sufficient contacts with Nevada to establish personal jurisdiction.

*The district court lacked personal jurisdiction over BOA*

"A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States." NRS 14.065(1). At the motion to dismiss stage, Richard, as the plaintiff, bears the burden of making a prima facie showing that personal jurisdiction is proper by "produc[ing] some evidence in support of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Jud. Dist. Ct.*, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993); *see also Burgauer*, 138 Nev. at 805, 521 P.3d at 1165. Richard makes two separate arguments for personal jurisdiction: statutory consent to personal jurisdiction by complying with NRS 14.020 and specific personal jurisdiction. We address each in turn.

*BOA did not consent to jurisdiction by complying with NRS 14.020*

Richard first contends that the U.S. Supreme Court's decision in *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023), controls and supports his argument that NRS 14.020, which requires a corporation to appoint an agent for service of process as a precondition for doing business in Nevada, establishes BOA's consent to personal jurisdiction in Nevada. Richard argues that under *Mallory*, "statutes which require a corporation to appoint an agent for service of process as a precondition to

doing business in the state . . . provide a separate" ground for personal jurisdiction beyond methods for establishing "general jurisdiction or specific jurisdiction." We disagree.

NRS 14.020(1) provides that any business entity doing business in Nevada must "appoint and keep in this State a registered agent who resides or is located in this State, upon whom all legal process and any demand or notice authorized by law to be served upon it may be served . . . ." However, NRS 77.440, contained in Nevada's Model Registered Agents Act, declares that "[t]he appointment or maintenance in this State of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in this State." Therefore, NRS 14.020 does not automatically subject BOA to personal jurisdiction.

Though Richard contends that *Mallory* is dispositive on the issue, *Mallory* addressed a Pennsylvania statute that required out-of-state corporations to register with the Pennsylvania Department of State and "continuously maintain" an office there and provided that, upon doing so, the corporation "shall enjoy the same rights and privileges as a domestic entity and shall be subject to the same liabilities, restrictions, duties and penalties . . . imposed on domestic entities." 600 U.S. at 134 (internal quotation marks omitted). Importantly, the statute explicitly stated that "qualification as a foreign corporation" permits state courts to "exercise general personal jurisdiction" over a registered corporation, just as they do over domestic corporations. *Id.* at 151 (Alito, J., concurring) (quoting 42 Pa. Cons. Stat. § 5301(a)(2)(i)). Unlike the Pennsylvania statute addressed in *Mallory*, NRS 14.020 does not condition the privilege to do business in Nevada on consenting to general personal jurisdiction, so *Mallory* is inapposite. This distinction, combined with *Mallory*'s statement that it

"need not speculate whether any other statutory scheme and set of facts would suffice to establish consent to suit," *id.* at 135, and the fact that *Mallory* is a nonbinding plurality opinion, undermines the broader interpretation for jurisdictional consent that Richard proposes. Moreover, NRS 77.440 specifically precludes such an outcome and controls as the more specific statute, *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 601, 402 P.3d 1260, 1265 (2017), as well as the more recent statute, *Laird v. State, Pub. Emp. Ret. Bd.*, 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982). Therefore, the district court properly concluded that BOA did not consent to personal jurisdiction by virtue of registering an agent and complying with NRS 14.020.

*The district court lacked specific personal jurisdiction over BOA*

Richard next argues that BOA had sufficient minimum contacts with Nevada to support specific personal jurisdiction. Specific jurisdiction requires that the conduct giving rise to the claim establish the necessary minimum contacts with the state to make the exercise of jurisdiction fair and reasonable. *Burgauer*, 138 Nev. at 806, 521 P.3d at 1165. Courts apply a three-part test to determine whether exercising specific jurisdiction over a defendant is proper. *Id.* First, the nonresident defendant must have purposefully availed themself of the privilege of acting in the forum market or purposefully directed their conduct to the forum state. *Id.* Second, the claims must arise from or relate to that purposeful contact with the forum. *Id.* Third, the exercise of jurisdiction must be reasonable so that it does not offend traditional notions of "fair play and substantial justice." *Id.* (internal quotation marks omitted).

As to the purposeful availment prong, Richard argues BOA's banking locations, ATMs, and financial centers in Nevada sufficed and the district court improperly "focused on the specific communications between

[his] counsel and [BOA]'s Nevada office" because "purposeful availment is intended to look more broadly at a defendant's overall activity in the forum." Given BOA's "significant and long-term connection to the forum state," the contacts here are not "random, fortuitous, or attenuated," according to Richard. We agree. BOA is a federally chartered national bank that maintains over 60 financial centers and ATMs throughout Nevada, including the Las Vegas office where Mayo works. BOA's presence in Nevada shows that it "deliberately reached out beyond its home" and availed itself of the Nevada market in offering its banking services, thereby subjecting itself to state regulation. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal quotation marks omitted). So, BOA purposefully availed itself of the privilege of conducting business in Nevada.

Next, we observe that the U.S. Supreme Court in *Ford Motor Co.* recently addressed the "arise out of or relate to" prong and its relationship to purposeful availment in a way pertinent to Richard's arguments. There, Ford was sued for products liability in Montana and Minnesota after its cars were involved in accidents in those states. *Id.* at 359 (internal quotation marks omitted). The Court held that the "[or] relate to" half of the second prong "contemplates that some relationships will support jurisdiction without a causal showing," *id.* at 362, and that Ford "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege[d] malfunctioned and injured them," through Ford's advertising, sales, and maintenance and repair services offered in those states, *id.* at 365. Thus, there was a "strong relationship among the defendant, the forum, and the litigation—the essential foundation of specific jurisdiction." *Id.* (internal quotation marks omitted).

SUPREME COURT
OF
NEVADA

(O) 1947A

Here, in contrast, BOA's Nevada-based financial centers and ATMs have no relationship to Richard's petition or the RHG Trust, which has been administered in Missouri since its inception. Richard argues "there is a direct nexus" between his petition and BOA's Las Vegas office because that office rejected his request to move the trust situs to Nevada and his proposed petition specifically seeks that action. While it is true that Mayo's letter is a Nevada contact that relates to Richard's petition, Mayo's letter is not evidence of BOA's purposeful availment related to the litigation because Richard's counsel initiated the contact with Mayo by calling her and sending several follow-up letters. BOA's Missouri team analyzed Richard's request, and Mayo's letter instructed Richard to "direct any future inquiries with respect to the Trust to the Bank's St. Louis team." Richard met with BOA officers in person in Missouri and California to discuss trust management issues, and BOA mailed trust-related correspondence to Richard's counsel in Missouri and California. Thus, the district court did not err in concluding that Richard's petition did not arise out of or relate to BOA's purposeful availment of Nevada where Richard was aggrieved by decisions made by BOA's St. Louis team and Richard initiated BOA's only litigation-related contacts with Nevada. *Dogra v. Liles*, 129 Nev. 932, 937, 314 P.3d 952, 955 (2013) ("[T]he mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." (internal quotation marks omitted)).

Though Richard argues that a stronger showing on the purposeful availment prong permits a lesser showing on the relatedness prong, a "corporation's continuous activity of some sorts within a state is not enough to support . . . suits unrelated to that activity." *Bristol-Myers Squibb Co. v. Super. Court of Cal.*, 582 U.S. 255, 264 (2017) (internal

quotation marks omitted). Based on Richard's failure to make a prima facie showing on the second prong, the district court properly concluded that it lacked specific personal jurisdiction over BOA.[5] Therefore, as BOA is an indispensable party, the district court properly dismissed the case.[6]

## CONCLUSION

Though NRS 164.010 provides a basis for the district court to assume in rem jurisdiction, the statutory grant of in rem jurisdiction does not obviate personal jurisdiction due process requirements. Here, given the nature of the relief sought by Richard, BOA was a necessary and indispensable party as the trustee that has administered the RHG Trust since Samuel's death. Therefore, the district court needed personal jurisdiction over BOA to proceed with Richard's petition for a construction of the trust's no-contest clause. We reject Richard's jurisdictional consent argument under NRS 14.020 because NRS 77.440 specifically provides that maintaining a registered agent in Nevada does not create the basis for personal jurisdiction over the registered entity. Moreover, Richard failed to provide prima facie evidence of BOA's minimum contacts with Nevada to satisfy due process and the court's exercise of specific personal jurisdiction over BOA. Although BOA operates several banks in Nevada, none of its

---

[5]Though Richard also contends that personal jurisdiction over BOA is reasonable under the third prong, BOA's lack of minimum contacts means that "jurisdiction in Nevada is inconsistent with fair play and substantial justice." *Tricarichi v. Coöperatieve Rabobank, U.A.*, 135 Nev. 87, 95 n.11, 440 P.3d 645, 652 n.11 (2019). Therefore, we need not further address this part of the specific jurisdiction test.

[6]Given our conclusion that the district court lacked personal jurisdiction over BOA and properly dismissed the case on that basis, we do not address the contingent remainder beneficiaries' arguments about personal jurisdiction over them.

purposeful contacts with Nevada have any relationship to Richard's petition where BOA's St. Louis team administers the trust and made the decision to deny Richard's request to transfer the situs of trust administration from Missouri to Nevada. Accordingly, we affirm the district court's order dismissing the petition.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Lee